# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JOHN JAY HUMPHREY,

                                        Plaintiff,

            v.                                              5:17-CV-1088
                                                            (BKS/ATB)

SYRACUSE POLICE DEPARTMENT,
THE CITY OF SYRACUSE, and CITY HALL,

                                        Defendants.

JOHN JAY HUMPHREY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, John J. Humphrey. (Dkt. Nos. 1, 3).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 3). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.   **Complaint**

The complaint states, generally, that the Syracuse police have failed to equally enforce sections 375[1] and 1202[2] of the New York Vehicle & Traffic ("VTL"). (Complaint ("Compl.") at 2, ¶¶ 1-2).  Plaintiff alleges that defendants have refused to enforce these laws in the poorer neighborhoods, leading to dangerous conditions in these streets. (Compl. at 3, ¶ 15).  Plaintiff states that he has suffered "pain" due to his attempt to avoid all the garbage, potholes, and illegally parked vehicles in the road.[3]

Plaintiff claims that employees of the Department of Water park on the sidewalk on the corner of Beech Street and Erie Boulevard in the City of Syracuse in violation of VTL § 1202. (Compl. at 4, ¶ 27).  These employees also park on both sides of the road on Canal Street in violation of the same statute. (Compl. at 4, ¶ 28).  Plaintiff claims that this shows a very low regard for public safety by the City of Syracuse, and that this illegal parking makes it impossible to avoid the worst parts of the city streets due to the "trash walking in the roads and illegally parked vehicles." (Compl. at 4, ¶ 31).  Plaintiff alleges that the failure to enforce section 1202 in the poor neighborhoods reflects a belief that the "rich and powerful" never travel through these neighborhoods. (Compl. at 5, ¶ 34).

---

[1] Section 375 of the V&T Law governs equipment violations, and is entitled "Equipment." N.Y. Vehicle & Traffic Law § 375.

[2] Section 1202 of the V&T Law governs "stopping," "standing," and parking regulations. N.Y. V&T Law § 1202(a) ("Stopping, standing or parking prohibited in specified places").  The section is relatively long and covers many situations, including a prohibition on the sale of "frozen desserts" in specified areas. V&T Law §1202(1)(k).

[3] It is unclear how plaintiff believes that "trash" and "potholes" have any relationship to parking or equipment laws, and the court will discuss these claims below.

3

Plaintiff claims that his 14th Amendment rights have been violated, and that he is basing jurisdiction on 42 U.S.C. § 1983 and the "Neal P. McCurn doctrine."[4] (Compl. at 3-4, ¶¶ 18-22). More specifically, plaintiff alleges that the defendants' policy fails to "equally protect" the "first-class citizens and the rest of the citizens," in violation of the 14th Amendment of the United States Constitution and Article I § 11 of the New York State Constitution.[5] (Compl. at 5, ¶ 36). Finally plaintiff also alleges that the "defendant" fails to plow the city streets in these poor neighborhoods because of all the illegally parked vehicles, making it difficult and dangerous for people "like the plaintiff" to travel on the city streets during the winter months. (Compl. at 5, ¶ 37). Plaintiff seeks one billion dollars in damages from the City of Syracuse.

## III.  Municipal Liability

### A.    Legal Standards

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez*

---

[4] The Honorable Neal P. McCurn is a former United States District Court Judge in the Northern District of New York.

[5] Article I, § 11 of the New York State Constitution is the state equivalent of the Equal Protection Clause of the United States Constitution. *New York State Teachers ex rel. Ianuzzi v. State*, 46 Misc. 3d 250, 263-64 (Albany Cty. 2014) (citing New York Constitution Art. 1, § 11). Both Equal Protection provisions protect the same rights. *Id.* (citing *Hernandez v. Robles*, 7 N.Y.3d 338, 362 (2006)).

*v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).

### B.    Application

Although plaintiff lists the Syracuse Police Department and "City Hall" in the caption of this complaint, it is clear from the rest of the pleading that he intends to sue only the City of Syracuse.  He includes only one defendant in the "Parties" section of the complaint and his prayer for relief states that he is seeking damages from "the City of Syracuse, New York as the defendant." (Complaint at 6, ¶ 7).

In any event, plaintiff may not sue a "department" of the municipality separately from the City. *See Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (it is well-settled that because the police department is an agency of the city, it cannot be sued independently under section 1983) (citations omitted).  Thus, to the extent that the complaint may be interpreted as attempting to sue the Syracuse Police Department or City Hall,[6] this court will recommend dismissal as to both. The court will proceed with its analysis based on the City of Syracuse as the only named defendant.

To the extent that plaintiff names the City of Syracuse, he alleges a "policy" in the most conclusory of statements.  Plaintiff states only that there are cars illegally parked in his neighborhood, and that he has fallen due to trash and potholes in the streets. (Compl. at 3, ¶¶ 16, 17).  He then concludes that there is a "policy not to enforce the VTL Laws in the poor neighborhoods "due to the belief that the rich and powerful never travel through the poor neighborhoods." (Compl. at 5, ¶ 34).  Other than

---

[6] "City Hall" is a building, and has no legal identity of its own.

using the word "policy" in one sentence of the complaint, there is no explanation of

how plaintiff has come to the conclusion that the City or City officials "believe" that

rich people do not drive through poor neighborhoods.  Conclusory allegations, such as

these, are insufficient to state a claim under the civil rights statutes. *See Barr v. Abrams*,

810 F.2d 358, 363 (2d Cir. 1987) (conclusory allegations are insufficient to state a

constitutional claim).  Plaintiff has failed to state a "policy" sufficient to withstand

initial review.

## IV.   **Equal Protection/Due Process**

### A.    **Legal Standards**

The Equal Protection Clause of the Fourteenth Amendment requires that the

government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20

(2d Cir. 1997).  Generally, the equal protection clause has been "concerned with

governmental 'classifications that affect some groups of citizens differently than

others.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).  In this case,

plaintiff does not challenge the validity of a statute, or that the statute itself

discriminates against the poor.  Rather, he claims that the city has engaged in selective

enforcement of the State's  Law to the detriment of the poorer neighborhoods in the

city.

The courts have distinguished selective prosecution from selective denial of

services. *See Patterson v. City of New York*, No. 16-CV-3525, 2017 WL 3432718, at *9

(E.D.N.Y. Aug. 9, 2017).  In a selective "prosecution" case, the plaintiff must show that

he was prosecuted by state actors while other "similarly situated" individuals were not

prosecuted. *Id.* (citing *Pyke v. Cuomo*, 258 F.3d 107, 109 (2d Cir. 2001)). A plaintiff alleging a selective denial of services need only show that a facially neutral law or policy was applied in an intentionally discriminatory manner. *Pyke v. Cuomo*, 258 F.3d at 110. To establish an equal protection claim for discriminatory denial of services, the plaintiff may (1) point to a law that expressly classifies on the basis of race; (2) point to a facially neutral law that has been applied in an unlawfully discriminatory manner; or (3) point to a facially neutral policy that has an adverse effect, and that was motivated by discriminatory animus. *Id.* at 110 (quoting *Brown v. Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000)). A plaintiff proceeding under any one of these three theories need not show that there was a "better treated, similarly situated group of individuals." *Id.* In *Pyke*, plaintiffs alleged that the police failed to provide police protection on the reservation because the persons in need of protection were Native Americans. 258 F.3d at 108.

### B.    Application

Plaintiff in this case is not alleging "selective prosecution." Instead, he claims that the police are not "enforcing" sections 375 and 1202 in poorer neighborhoods causing dangerous conditions on the streets. The court would first point out that plaintiff only mentions section 375 in the beginning of his complaint. There are approximately 51 subsections of this law, which govern everything from tinted windows, brakes, and headlights to speedometers and odometers. V&T Law § 375. Plaintiff does not refer to this law in the body of his complaint, nor does he explain how the City of Syracuse is failing to enforce this law. Thus, the court will proceed with its

analysis based on an alleged failure to enforce section 1202.[7]  The parking laws are facially neutral.[8]  Because plaintiff is claiming that a facially neutral law is intentionally being applied in a discriminatory manner, he need not show that another group of similarly situated individuals was treated more favorably.

Although there is no right under the constitution to have a law enforced against another,[9] the defendants may not refuse to enforce a law based upon discriminatory animus. *See DeShaney v. Winnebego Cty, Dep't of Soc. Servs.*, 489 U.S. 189, 197 n.3 (1989) (the state may not selectively deny its protective services to certain disfavored minorities without violating Equal Protection).  However, the cases which use this basis for stating an equal protection claim involve protected classes, such as race, religion, or nationality. *See e.g. Pyke, supra.* (Native Americans); *Doe v. Village of Mamaroneck*, 462 F. Supp. 2d 520, 546 (S.D.N.Y. 2006) (finding that the "ticketing campaign was aimed at a protected group - Latinos . . . is a necessary element of the *Brown/Pyke* test relied upon by the plaintiffs.")  In these cases, it was deemed appropriate to dispense with the requirement that the plaintiff identify a "similarly situated" group because the Government's differential treatment of the target group "could otherwise be clearly demonstrated." *Doe v. Village of Mamaroneck*, 462 F. Supp. 2d at 545-46 (discussing inter alia *Pyke*).

---

[7] The court's analysis would be the same whether plaintiff was alleging the failure to enforce violations of either one or both of these statutes.

[8] Plaintiff does not allege otherwise.

[9] *See Harrington v. Cty of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010); *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433-34 (S.D.N.Y. 2012) (an individual has no constitutionally protected right to an investigation by government officials or to prosecution of another) (citations omitted).

In this case, plaintiff may be attempting to assert that the police are not issuing sufficient parking tickets[10] in poor neighborhoods, and that he is hampered by the excess of parked cars, including vehicles that are parked on the sidewalk by City Department of Water Employees.[11]  Reading plaintiff's allegations very liberally, he seems to claim that the law is enforced in "wealthier" neighborhoods, but not in "poor" neighborhoods.  Plaintiff assumes that better enforcement of this law would help get cars off the road so that the roads would be more passable.  Essentially plaintiff alleges a lack of "enforcement" in poor neighborhoods.

However, other than stating that the City's Department of Water trucks were illegally parked - at some unknown time for some unknown reason - on specific street corners, plaintiff does not specify any other specific part of Syracuse in which the defendants have either failed to enforce or are enforcing the statute to support his theory.[12]  Plaintiff has also failed to allege how the enforcement of section 1202 in his neighborhood would solve this problem.  He has also failed to establish what constitutes a "poor" or a "rich" neighborhood, or how he knows that section 1202 is being "enforced" in other neighborhoods.

As stated above, the cases which use selective enforcement as the basis for an equal protection claim, allege that the targeted group is a suspect class.  As such, no

---

[10] Actually, plaintiff never mentions how the defendant is failing to enforce either one of the statutes that he cited.

[11] Plaintiff does not even specify, although this court must assume, that the Department of Water vehicles are the employees' official vehicles, not their personal automobiles.

[12] Plaintiff does not live on any of the streets that he mentions relating to the Department of Water.

9

differential treatment need be shown because the class affected is a suspect class. However, "poverty" is not a suspect classification, and even if the City's actions had a disproportionate impact on indigent individuals, the standard of review would be whether there was a "rational basis" for the defendant's actions. *See Harris v. McRae*, 448 U.S. 297, 322–23 (1980) (the court had "repeatedly" held that poverty, standing alone, is not a suspect classification). In plaintiff's case, the "target" group has not been specifically defined, and is not a suspect classification. There is no indication what neighborhoods would be considered "poor" the description of plaintiff's claim. Finally, plaintiff only assumes that the "proper" enforcement of section 1202 happens only in "rich" neighborhoods.[13] As such, he has failed to state an Equal Protection claim.

The "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ziomek v. Am. Red Cross*, No. 3:15-CV-980, 2016 WL 6551369, at *2 (N.D.N.Y. Nov. 10, 2016) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff makes general statements, which sound similar to Equal Protection claims, but are really conclusions that have no stated basis. As stated above, conclusory allegations are insufficient to state a claim under the civil rights statutes. *See Barr v. Abrams*, 810 F.2d at 363.

---

[13] Plaintiff also mentions potholes and trash in the roads, with in addition to being completely unrelated to the laws that he cites, he does not allege that there are no potholes or "trash" in wealthier neighborhoods.

## V.    Standing

### A.    Legal Standards

"Standing is essentially an inquiry into whether a plaintiff is the proper party to invoke the jurisdiction of the federal courts." *Mehdi v. United States Postal Svc.*, 988 F. Supp. 721, 730 (S.D.N.Y. 1997) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Standing is a threshold question in every federal case that implicates the court's jurisdiction. *Griffin v. Doe*, 71 F. Supp. 3d 306, 316 (N.D.N.Y. 2014) (citing *Cohan v. Movtady*, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010) (quoting *Ross v. Bank of America*, 524 F.3d 217, 222 (2d Cir. 2008)). Thus, the court may raise the standing issue sua sponte. *Id.* (citing *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck–Medco Managed Care, LLP*, 433 F.3d 181, 198 (2d Cir. 2005) (citations omitted)).

In order to establish constitutional standing, the plaintiff must demonstrate that (1) he has suffered an injury in fact that is distinct and palpable; (2) the injury is "fairly traceable" to the challenged action; and (3) the injury is redressable by the removal of the defendant's conduct. *Id.* (citing *Ross v. Bank of America*, 524 F.3d at 222). Plaintiff must allege facts that affirmatively and plausibly suggest that he has standing to sue. *Janfeshan v. United States Customs and Border Protection*, No. 16-CV-6915, 2017 WL 3972461, at *4 (E.D.N.Y. Aug. 21, 2017) (quoting *Amidax Trading Grp. v. SWIFT SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).

### B.    Application

In this case, plaintiff has failed to sufficiently allege that any of the requirements

11

of standing have been met.  Plaintiff's claim is that he has felt "pain" trying to avoid garbage and illegally parked cars in the poorer neighborhoods.  It is unclear how avoiding garbage and cars caused plaintiff "pain" or how better enforcement of the parking laws would alleviate plaintiff's problems.  Thus, plaintiff has failed to allege any of the factors related to standing.

## VI.   **Opportunity to Amend**

### A.   **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.   **Application**

Because plaintiff will not be able to amend his complaint to allege claims against the Syracuse Police Department and "City Hall," the court will recommend denying any opportunity to amend his complaint as against these two defendants.  With respect to claims against the City of Syracuse, the court has serious doubts as to whether plaintiff will be able to amend his complaint to state any viable claims.  However, based on the liberality with which pro se complaints are treated, the court will recommend dismissing this action without prejudice as to the City of Syracuse and will recommend affording plaintiff the opportunity to amend his complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 3) is **GRANTED**, and it is

**RECOMMENDED**, that this complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as against defendants **SYRACUSE POLICE DEPARTMENT and CITY HALL**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) for failure to state a claim as against defendant **CITY OF SYRACUSE**, and it is

**RECOMMENDED**, that if the District Court approves this recommendation, plaintiff be given **THIRTY (30) DAYS** from the date of the District Judge's Order within which to submit a proposed amended complaint which complies with the above Report, and it is

**RECOMMENDED**, that if plaintiff files a proposed amended complaint within the time allotted or within any requested extension of time, that the District Court approves, the proposed amended complaint be returned to me for further review, and it is

**RECOMMENDED**, that if plaintiff does not file a proposed amended complaint within the above time limits, the complaint be dismissed with prejudice without further review by the court, and it is

**ORDERED**, that if the District Judge approves this Recommendation, plaintiff is reminded that any amended complaint must be a complete pleading that replaces and

supercedes the original.  The original complaint will have "no legal effect."  Plaintiff's new proposed amended complaint may not incorporate by reference any part of his original complaint.  In any proposed amended complaint, plaintiff must clearly set forth the facts that give rise to his claim, including the dates, times, and places of the alleged underlying acts, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report Recommendation on the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 16, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge

14