UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN JAY HUMPHREY,

        **Plaintiff,**

v.                                                5:17-CV-1088 (BKS/ATB)

**SYRACUSE POLICE DEPARTMENT, et al.,**

        **Defendants.**
_____

**APPEARANCES:**

John Jay Humphrey
Syracuse, New York
Plaintiff, pro se

**Hon. Brenda K. Sannes, United States District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

Plaintiff pro se John Jay Humphrey brought this action under 42 U.S.C. § 1983 alleging generally that the defendants have failed to equally enforce sections 375 and 1202 of the New York State Vehicle & Traffic Law.  (Dkt. No. 1).  Plaintiff claims that the defendants have failed to enforce these laws in poor neighborhoods, and that he has been injured attempting to avoid garbage in the roads, illegally parked vehicles, and potholes.  (*Id.*).  On October 16, 2017, United States Magistrate Judge Andrew T. Baxter issued a Report-Recommendation and Order recommending that the complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as against defendants Syracuse Police Department and City Hall, and that the complaint be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-ii) for failure to state a claim as against defendant City of Syracuse.  (Dkt. No.

5, at 13).  Plaintiff has filed a timely objection to the Report-Recommendation.  (Dkt. No. 6).

For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II.     Standard of Review

This court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*  "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the Report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*  "To the extent . . . that the party makes only conclusory or general arguments . . . the Court will review the Report strictly for clear error."  *DiPilato v. 7-Eleven, Inc.*, 662 F Supp. 2d 333, 339 (S.D.N.Y. 2009).

## III.    Discussion

In his Report, Magistrate Judge Baxter concluded that the Syracuse Police Department and City Hall should be dismissed with prejudice because a department of a municipality cannot be sued independently under § 1983.  (Dkt. No. 5, at 5).  With respect to the City of Syracuse, Magistrate Judge Baxter found that the complaint failed to adequately allege a "policy" of the City that has caused the alleged violation of his constitutional rights as required by *Monell v.*

*Dep't of Soc. Servs.,* 436 U.S. 658 (1978).  (*Id*. at 5–6).  Magistrate Judge Baxter noted that "poverty," standing alone, is not a suspect classification with respect to plaintiff's equal protection claim, citing to *Harris v. McRae*, 448 U.S. 297 (1980), and determined that the complaint failed to state an equal protection claim.  (*Id.* at 6–10).  Finally, Magistrate Judge Baxter concluded that plaintiff had failed to allege facts plausibly suggesting that he has the requisite injury necessary for constitutional standing.  (*Id.* at 11–12).

As best as the Court can discern, plaintiff objects to Magistrate Judge Baxter's reliance on *Harris v. McRae*, 448 U.S. 297, 323 (1980) regarding suspect classifications, and to the recommendation that City Hall be dismissed with prejudice.[1]  Having reviewed these objections de novo, the Court finds that both are without merit.  "The Supreme Court has consistently held that poverty without more is not a suspect classification."  *Woe v. Cuomo*, 729 F.2d 96, 103–104 (2d Cir. 1984) (citing *Harris v. McRae*, 448 U.S. 297, 323 (1980)).  The Court agrees with Magistrate Judge Baxter's reasoning regarding the Equal Protection Clause, and his conclusion that the complaint fails to state an equal protection claim.  (Dkt. No. 5, at 9–10).  And, as set forth in the Report, plaintiff may not sue a department of the City of Syracuse separately from the City.  *Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996).  The Court has reviewed the remainder of the Report for clear error and found none, and therefore adopts the Report in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[1] Magistrate Judge Baxter correctly assumed that the facts in the complaint are true, (Dkt. No. 5 at 2–4), and plaintiff has not raised any objection to that portion of the Report.  The Court has not therefore addressed the various factual assertions plaintiff now makes in his objection.

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 5) is **ADOPTED** in all respects; and it is further

**ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as against defendants **SYRACUSE POLICE DEPARTMENT** and **CITY HALL;** and it is further

**ORDERED** that that the complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i-ii) for failure to state a claim as against defendant **CITY OF SYRACUSE**, and it is further

**ORDERED** that plaintiff has **THIRTY (30) DAYS** from the date of this Order to submit a proposed amended complaint that complies with the Report-Recommendation and this Order; and it is further

**ORDERED** that if plaintiff files a proposed amended complaint within the time allotted or within any approved extension of time, the proposed amended complaint be returned to Magistrate Judge Baxter for further review; and it is further

**ORDERED** that if plaintiff does not file a proposed amended complaint within the time allotted, the complaint is dismissed with prejudice and the Clerk is directed to enter Judgment without further Order of the Court.

**IT IS SO ORDERED.**

**Dated: November 29, 2017**
**Syracuse, New York**

Brenda K. Sannes
U.S. District Judge